UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | No. 2:09 CR 125 |
| ) | |
| ANTHONY JEROME BANDY ) | |

### OPINION and ORDER

Defendant Anthony Jerome Bandy is serving a 210-month sentence for firearm offenses. Defendant has moved for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 of the United States Sentencing Guidelines. (DE # 221.) He has also filed numerous supporting documents (DE ## 223, 224, 225) and a request for appointment of counsel (DE # 227). The court appointed counsel to assist defendant (DE # 226), but counsel later moved to withdraw due to defendant's ineligibility for relief (DE # 230.) For the reasons that follow, defendant's motion is denied.

In April 2023, the United States Sentencing Commission voted to make changes to how a defendant's criminal history is calculated for sentencing. These changes, generally referred to as "Amendment 821," took effect on November 1, 2023. Part A of Amendment 821 amended § 4A1.1 of the Sentencing Guidelines to limit the overall impact of "status points" on certain offenders' criminal history calculation. Part B of Amendment 821 created a new § 4C1.1 guideline that provides a decrease of two offense levels for offenders who did not receive any criminal history points under Chapter Four of the Guidelines and whose instant offense did not involve specified aggravating factors. The Sentencing Commission has given retroactive effect to

Amendment 821. *See* N.D. Ind. Gen. Order 2023-32, available at https://www.innd.uscourts.gov/sites/innd/files/2023-32.pdf.

In this case, defendant does not qualify for a reduction under Part A of Amendment 821. At sentencing, defendant's criminal history category was calculated at VI based upon a total of twenty-four (24) criminal history points, two (2) of which stemmed from being on probation at the time of the offense. (PSR ¶¶ 68-71.) Part A functions to lower defendant's criminal history points from twenty-four (24) to twenty-three (23), but even so, defendant's criminal history category remains IV.

The court may only "reduce" a defendant's sentence—that is, the court can act only where "the guideline range applicable to that defendant has subsequently been lowered." USSG § 1B1.10(a)(1); 18 U.S.C. § 3582(c)(2). A reduction is not authorized under § 3582(c)(2) if the guideline amendment did not have the effect of lowering the defendant's applicable guideline range. USSG § 1B1.10(a)(2). Because Part A of Amendment 821 does not have any effect on defendant's criminal history category, it also does not have any effect on defendant's guideline range. Thus, defendant is not entitled to relief under 18 U.S.C. § 3582(c)(2) and Amendment 821 Part A.

Nor can Part B of Amendment 821 be of any assistance. Part B provides for a decrease of two offense levels for certain offenders who did not receive any criminal history points. Defendant *did* receive criminal history points, so Part B is inapplicable.

Because defendant does not benefit from either part of Amendment 821 to the Sentencing Guidelines, his motion under 18 U.S.C. § 3582(c)(2) and Amendment 821,

must be **DENIED.** (DE # 221.) Defendant's motion for appointment of counsel is

**DENIED as moot.** (DE # 227.) Counsel's motion to withdraw is **GRANTED.** (DE # 230.)

                              **SO ORDERED.**

Date: June 4, 2024

                              s/James T. Moody
                              JUDGE JAMES T. MOODY
                              UNITED STATES DISTRICT COURT