UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA   ) | |
| )  | |
| v.   ) | No. 2:09 CR 125 |
| )  | |
| ANTHONY JEROME BANDY   ) | |

### OPINION and ORDER

Before the court are defendant Anthony Jerome Bandy's motions for compassionate release based on his health and medical conditions pursuant to 18 U.S.C. § 3582(c) and Section 603 of the First Step Act. (DE ## 171, 192.) For the reasons that follow, the motions are denied.

I.   **BACKGROUND**

In 2009, defendant pleaded guilty to being a felon in possession of a firearm. (DE # 49.) In 2010, after finding that defendant was an armed career criminal, Judge Rudy Lozano sentenced defendant to 210 months imprisonment. (DE ## 74, 75.) Defendant has approximately one year left to serve of this sentence, with an estimated release date of June 30, 2025. Federal Bureau of Prisons, *BOP Inmate Locator*, https://www.bop.gov/inmateloc/ (last accessed June 17, 2024).

Defendant suffers from chronic lymphocytic leukemia (diagnosed in 2011), obesity, hyperlipiemia, hypertension, and a vitamin D deficiency. (DE # 192 at 2; DE # 192-2 at 3.) Defendant sought compassionate release through the BOP, but the agency concluded that defendant did not meet the criteria for a debilitating medical condition and his request was denied. (DE # 197-1 at 6.) Defendant then filed a *pro se* motion for

compassionate release in this court. (DE # 171.) Later, appointed counsel filed another motion for compassionate release on defendant's behalf. (DE # 192.) (*Id.*) In his filings, defendant asks the court to consider his medical conditions as well as the risks presented by COVID-19. (*Id.*)

## II. ANALYSIS

The court is authorized to reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Congress did not define "extraordinary and compelling reasons" in § 3582(c)(1)(A), instead delegating this task to the Sentencing Commission. 28 U.S.C. § 994(t). The Sentencing Commission defines this phrase in the commentary to § 1B1.13 of the United States Sentencing Guidelines. There, the Sentencing Commission states that an extraordinary and compelling reason warranting a reduction in a term of imprisonment may exist where, for example, a defendant suffers from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" or there exists some other extraordinary and compelling reason justifying a reduction in the defendant's term of imprisonment. U.S.S.G. § 1B1.13 cmt. n.1.

Section 1B1.13 has not been amended to reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate

release. *United States v. Gunn*, 980 F.3d 1178, at *2 (7th Cir. 2020). Accordingly, § 1B1.13 and its application notes provide useful – but not binding – guidance to courts in determining whether a defendant has identified an extraordinary and compelling reason for compassionate release. *Id.* The court will consider defendant's motions, using § 1B1.13 and its application notes as a guide.

The record in this case consists of dozens of pages of records confirming the major medical issues primarily forming the basis of the present motions. Most notably, defendant suffers from chronic lymphoid leukemia ("CLL"), a type of cancer of the blood and bone marrow. The term "chronic" refers to the fact that this type of leukemia progresses more slowly than other types of leukemia. Mayo Clinic, *Chronic lymphocytic leukemia,* https://www.mayoclinic.org/ diseases-conditions /chronic-lymphocytic-leukemia /symptoms-causes /syc-20352428 (last accessed June 17, 2024). People with this disease often have frequent infections and immune system problems. *Id.*

In this case, defendant's medical records indicate that his CLL is stable and controlled, with regular visits occurring with oncology specialists. In October 2019, defendant's treating physician noted that defendant had "clinically stable CLL" (DE # 192-2 at 9), and an oncologist concluded that defendant's CLL was "asymptomatic" and required no treatment at that time. (DE # 187-1 at 2.) Defendant was seen by oncology in February of 2020 (DE # 192-2 at 6), as well as in December 2022, after which the provider noted that defendant's white blood cell count was elevated, but no treatment was necessary. (DE # 197-2 at 8.)

3

The Government does not dispute the details of the ailments defendant describes, including CLL. However, the Government argues that defendant's situation, while unfortunate, is not extraordinary and compelling because defendant is not substantially diminished in the ability to provide self-care within the environment of a correctional facility. Indeed, many courts have denied compassionate release for serious conditions for this reason. *See, e.g., United States v. Bunnell,* No. CR14-00119-001-PHX-DGC, 2019 WL 6114599 (D. Ariz. Nov. 18, 2019) (defendant "suffers from arthritis, sciatica, bulging lumbar discs 2-5, scoliosis, and degenerative disease causing central stenosis in his spine," and is confined to a wheelchair, but none are terminal illnesses or substantially diminish ability to provide self-care within the environment of a correctional facility); *United States v. Clark,* 3:13-cr-163-FDW-1, 2019 WL 1052020, at *3 (W.D.N.C. Mar. 5, 2019) (defendant suffering from declining health, diabetes, kidney failure, and back problems requiring a walker did not demonstrate that condition substantially diminished ability to provide self-care within the corrections environment or that she was not expected to recover).

In this case, the court cannot discern sufficient evidence from the record to conclude that this case presents "extraordinary and compelling" reasons justifying compassionate release. Defendant suffers from a chronic form of leukemia, which is no doubt concerning. However, the record indicates that defendant's health is not dire, nor does it appear to be on a steady decline. This is not to say that leukemia is a tolerable and pleasant disease; it is not. But the law only allows sentence reductions for

4

extraordinary and compelling circumstances, and defendant's stable and relatively unsymptomatic condition does not reach that level. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Defendant's prognosis is not terminal, nor does his condition impose limitations on his ability to provide self-care. *See* U.S.S.G. § 1B1.13.

The court acknowledges that CLL is not defendant's only medical condition. Defendant is also stricken with obesity, hypertension, and a vitamin D deficiency, as well as more minor issues such as back pain and occasional dizziness. While these conditions are worthy of consideration, they are also common and generally treatable. The record contains no indication that any of these conditions (either independently or in combination with any others) are uncontrolled and/or progressing to a point of concern, much less an "extraordinary and compelling" point. Nor does the record reveal that the conditions prevent defendant from engaging in self-care in a prison environment. To the contrary, the record suggests that defendant is frequently seen by prison medical staff and is receiving care for these maladies. Even when combined with CLL or (as discussed in more detail below) the risk of contracting COVID-19, the totality of defendant's health concerns do not rise to the level of "extraordinary and compelling" reasons for a reduction in sentence.

There is also the issue of the continued existence of COVID-19. Defendant argues that his conditions, especially CLL, make him more susceptible to catching and suffering complications from the virus. This fact appears beyond dispute. Centers for Disease Control and Prevention, *People with Certain Medical Conditions,* https://

www.cdc.gov/ coronavirus/2019-ncov/ need-extra-precautions/ people-with-medical-conditions.html (last visited June 17, 2024).

However, even when the court factors in considerations related to COVID-19, defendant's circumstances do not rise to "extraordinary and compelling." The spread of COVID-19 created unprecedented challenges for the country and our prison system. However, COVID-19 is now a fact of life in modern-day society, including for those who are incarcerated. Due to the infectious nature of the virus, the CDC and state governments have advised individuals to practice good hygiene to alleviate risk. *Id.* Though these practices may be more difficult to effectuate in a prison environment, there is no evidence that defendant is diminished in his ability to practice hygiene and self-care to reduce his risk of contracting COVID-19 or other viruses.

Further, there is no evidence that defendant's conditions have been exacerbated by exposure to COVID-19, nor does the record reveal that defendant's underlying conditions are so severe and/or are deteriorating at such a rapid pace that any further exposure to COVID-19 will result in serious harm. True, a risk of infection and complications continues to exist for defendant due to the existence of underlying conditions. However, there is not evidence that the risk is so great as to establish "extraordinary and compelling" circumstances in this case.

Compassionate release is an extraordinary event. *White v. United States,* 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019) (compassionate release due to medical conditions is "a rare event"); *United States v. Clark,* 3:13-cr-163-FDW-1, 2019 WL 1052020 (W.D.N.C. Mar. 5, 2019) (denying relief, which is "extraordinary"); *United States v. Gutierrez,* No.

6

CR 05-0217 RB, 2019 WL 1472320 (D.N.M. Apr. 3, 2019) (same); *United States v. Casey,* No. 1:06 CR 00071, 2019 WL 1987311 (W.D. Va. May 6, 2019) (same). While defendant's situation is a complex one worthy of monitoring and oversight, the overall combination of defendant's health conditions and risks does not rise to the level of "extraordinary and compelling" circumstances required for the court to take the unusual and rare step of reducing defendant's sentence. Because the court cannot identify any extraordinary and compelling reason for compassionate release, the motion must be denied. *United States v. Ugbah,* 4 F.4th 595, 597 (7th Cir. 2021).

### III.   CONCLUSION

For the foregoing reasons, defendant's motions under 18 U.S.C. § 3582(c) and Section 603 of the First Step Act is **DENIED**. (DE ## 171, 192.) To the extent that defendant's additional motions, supplements, updates, and inquires relate to defendant's request for compassionate release based on health and medical conditions, they are similarly **DENIED**. (DE ## 187, 213, 218, 219, 228, 231.)

**SO ORDERED.**

Date: June 17, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT